Ruffin, Chief Justice,
 

 having stated the case as above, proceeded as follows: The proofs in the case can, at the utmost, only raise a suspicion of the fairness of the transfer of the goods from Isaac to James Truitt or the firm. But, if that be admitted
 
 to
 
 be fraudulent, it still could avail nothing in this suit. The plaintiff did not purchase those articles in particular, as the goods of Isaac Truitt; and, on the contrary; his bill states that those articles are, in fact, unknown. If he had bought them, he would probably have brought trover. The sale was of a different kind. It was of the interest of Isaac Truitt in the- store, as a partner; and the scope of the bill is to establish that he was a member of the firm; and to have an account, shewing his interest therein; and to give the plaintiff the benefit thereof under his purchase. Now, a fraudulent sale or transfer of some of those goods, did not make the vendor a partner- in the business. To notice no other objection, therefore, the plaintiff must fail; for he has not proved that Isaac Truitt was, in any way, either openly or secretly, a partner. Bill dismissed with costs.
 

 Per Curiam. Bill dismissed.